1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10    AIESHA S. STEWARD-BAKER,                     )
                                                   )    No.
11                    Plaintiff,                    )
                                                   )    COMPLAINT
12           v.                                     )
                                                   )    CIVIL RIGHTS COMPLAINT
13    KING COUNTY, JAMES DOW CONSTANTINE, )              UNDER 42 U.S.C. § 1983
      in his official and individual capacity, HAROLD  )  & PENDANT CLAIMS
14    TANIGUCHI,in his official and individual capacity,)  OF INFLICTION OF
      KING COUNTY METRO TRANSIT, KEVIN              )    EMOTIONAL DISTRESS &
15    DESMOND in his official and individual capacity, )  OUTRAGE & ASSAULT &
      KING COUNTY SHERIFF'S OFFICE, SUSAN L. )          BATTERY
16    RAHR, in her official and individual capacity,  )
      DAVE JUTILLA, in his official and individual  )
17    capacity, OLYMPIC SECURITY SERVICES, Inc., )      JURY TRIAL DEMAND
      a corporation, JOHN DOES 1-3, CITY OF         )
18    SEATTLE, SEATTLE POLICE DEPARTMENT,   )
      JOHN DIAZ, in his official and individual capacity, )
19    MICHAEL EASTMAN, in his official and          )
      individual capacity, JEREMY PINKERTON, in his )
20    official and individual capacity, JASON BENDER, )
      in his official and individual capacity, MATTHEW )
21    CHASE, in his official and individual capacity,  )
      LATROY HAYMAN,  TYRONE WATSON,         )
22    DOMINIQUE WHITAKER, DAYSHA            )
      HENDERSON, QUASHAWN MONROE,            )
23                                                   )
                                                   )
24                    Defendants.                   )
25

Page 1 of 25 - COMPLAINT                                    Therese Lavallee
                                                            Attorney at Law
                                                       1104 Main Street, Ste. 620
                                                         Vancouver, WA 98660
                                                           (360) 750-5607

**NATURE OF THE ACTION**

This is an action for damages resulting from the January 28, 2010 harassment of Plaintiff in the City of Seattle and the beating she suffered while in the Metro Transit bus tunnel.  This action is brought under federal, state and common law and seeks to redress Plaintiff's damages and the deprivation of rights secured to Plaintiff by the Fourth and Fourteenth Amendments to the Constitution of the United States and under Title 42 of USC §1983, said deprivations occurring pursuant to acts or ommissions taken under the color of law, statutes, codes, ordinances, and the regulations of the State of Washington, King County, and the City of Seattle, by individual and final decision makers and for acts and omission taken pursuant to the  policies, customs, and practices of the named government entities and their executives or officials, and for acts taken by Olympic Security Services, Inc. taken jointly and in concert with the named government entities,  that amounted to deliberate indifference to the federal constitutional rights of the Plaintiff.

This is also an action for damages brought under state and common law for against Olympic Security Services, Inc., their employees John Does 1-3 under the doctrine of respondent superior for failure to properly train and supervise, infliction of emotional distress and outrage.

This is also an action for damages brought against five individually named parties for infliction of emotional distress, outrage, and assault and battery.

## I.     PARTIES

### 1.1     Plaintiff.

1.11   Aiesha S. Steward-Baker is the Plaintiff in this action.  She is a resident of King County and the Western District of Washington.

Therese Lavallee
Attorney at Law
1104 Main Street, Ste. 620
Vancouver, WA 98660
(360) 750-5607

## 1.2    Defendants.

1.2.1    Defendant King County is a government entity located in this judicial district, organized and functioning under the laws of the State of Washington, and the regulations and code of King County.

1.2.2    Pursuant to RCW 4.96, the Plaintiff timely and properly served the King County with a claim for damages.

1.2.3    Defendant James Dow Constantine (hereinafter "Constantine") was at all times material to this Complaint, the King County Executive.  Defendant Constantine is sued in both his official and capacity.

1.2.4    Defendant King County Metro Transit (hereinafter "Metro Transit") is a subdivision of King County and at all times relevant to this Complaint, provided services to business invitees and passengers of the Metro Transit System, including the Metro Transit bus tunnel located in Seattle, Washington.

1.2.5    Defendant Harold Taniguchi (hereinafter "Taniguchi") was at all times relevant to this Complaint, the duly appointed and acting director for King County Transportation Department. Defendant Taniguchi is sued in his official and individual capacity.

1.2.6    Defendant Kevin Desmond (hereinafter "Desmond") was at all times relevant to this Complaint, the duly appointed and acting general manager of King County Metro Transit. Defendant Desmond is sued both in his official and individual capacity.

1.2.7    Defendant King County Sheriff's Office  (hereinafter "Sheriff's Office") is a public agency and subdivision of King County and operates pursuant to the codes, regulations and laws of the State of Washington, County of King and City of Seattle.

Therese Lavallee
Attorney at Law
1104 Main Street, Ste. 620
Vancouver, WA 98660
(360) 750-5607

1.2.8    Defendant Susan L. Rahr (hereinafter "Rahr") was at all times relevant to this Complaint the elected and sworn sheriff of King County. Defendant Rahr is sued in her official and individual capacity.

1.2.9    Defendant Dave Jutilla (hereinafter "Jutilla") was at all times relevant to this Complaint, an employee of the King County Sheriff's Office and the duly appointed and acting Chief Officer of the Metro Transit Police, a subdivision of the King County Sheriff's Office. Defendant Jutilla is sued in his official and individual capacity.

1.2.10  Defendant Olympic Securities Services, Inc. (hereinafter "Olympic Security") is a corporation organized and doing business under the laws of the State of Washington. At all times relevant to this Complaint, Olympic Security contracted as a private security service with King County to provide security for Metro Transit business invitees and passengers.

1.2.11  Defendants John Does 1, 2 and 3 whose names are presently unknown, at all times relevant to this Complaint, were employed as security guards for Olympic Security.

1.2.12  Defendant City of Seattle is a municipal corporation organized and functioning under the laws of the State of Washington, King County and Seattle City Code.

1.2.13  Pursuant to RCW 4.96, the Plaintiff timely and properly served the City of Seattle with a claim for damages.

1.2.14  Defendant City of Seattle Police Department is a public agency and a subdivision of the City of Seattle and operates pursuant to the codes, regulations and laws of the State of Washington, County of King and City of Seattle.

Therese Lavallee
Attorney at Law
1104 Main Street, Ste. 620
Vancouver, WA 98660
(360) 750-5607

1.2.15  Defendant John Diaz (hereinafter "Diaz") was at all times material to this Complaint the duly appointed and acting interim Chief of Police for Seattle Police Department. Defendant Diaz is sued in his official and individual capacity.

1.2.16  Defendant Michael Eastman (hereinafter "Eastman") was at all times relevant to this Complaint, a duly appointed and acting law enforcement officer employed by the City of Seattle Police Department. At the time of the alleged incident and at all times material hereto, Defendant Eastman acted under color of law. He is sued in his official and individual capacity.

1.2.17  Defendant Jeremy Pinkerton (hereinafter "Pinkerton") was at all times relevant to this Complaint, a duly appointed and acting law enforcement officer employed by the City of Seattle Police Department. At the time of the alleged incident and at all times material hereto, Defendant Pinkerton acted under color of law. He is sued in his official and individual capacity.

1.2.18  Defendant Jason Bender (hereinafter "Bender") was at the times relevant to this Complaint, a duly appointed and acting law enforcement officer employed by the City of Seattle Police Department. At the time of the alleged incident and at all times material hereto, Defendant Pinkerton acted under color of law. He is sued in his official and individual capacity.

1.2.19  Defendant Matthew Chase (hereinafter "Chase") was at the times relevant to this Complaint, a duly appointed and acting law enforcement officer employed by the City of Seattle Police Department. At the time of the alleged incident and at all times material hereto, Defendant Pinkerton acted under color of law. He is sued in his official and individual capacity.

1.2.20  Defendant Latroy Hayman is an individual adult, who based on information and belief resides in the State of Washington.

Page 5 of 25 - COMPLAINT

1.2.21  Defendant Tyrone Watson is an individual adult, who based on information and belief resides in the State of Washington.

1.2.22  Defendant Dominique Whitaker is an individual adult, who based on information and belief resides in the State of Washington.

1.2.23  Defendant Daysha Henderson is an individual adult, who based on information and belief resides in the State of Washington.

1.2.24  Defendant Quashawn Monroe is an individual adult, who based on information and belief resides in the State of Washington.

## II.   JURISDICTION AND VENUE

2.1     Plaintiff is a citizen of the United States and a resident of King County, State of Washington.  At all times material to this Complaint, Plaintiff was a minor child.

2.2     Because of her minority disability at the time of this occurrence, Plaintiff brings this action in a timely manner.

2.2     Each individual defendant is, upon information and belief, a citizen of the State of Washington, or a governmental agency or corporation organized under the laws of the State of Washington at relevant time to this Complaint or conducting business in the State of Washington.

2.3.    This court has jurisdiction over the subject matter of this complaint pursuant to 28 USC §1331, 1343 (a) and 42 USC §1983.

2.4.    This court has jurisdiction over plaintiff's state common law claims set forth in this complaint pursuant to its supplemental jurisdiction to hear claims under 28 USC §1367.  Both the federal and state claims alleged herein arose from a common nucleus

Page  6 of 25 - COMPLAINT

of operative fact, the state actions are so related to the federal claims that they form part of the same case or controversy and the actions would ordinarily be expected to be tried in one judicial proceeding.

2.5.    The acts alleged herein were committed in the Western District of Washington, King County, City of Seattle.  Venue is proper in this District pursuant to 28 USC §1391.

2.6    More than 60 days have elapsed since Plaintiff filed and served Tort Claim notices with King County and City of Seattle in compliance with RCW 4.96.

### III.    STATEMENT OF FACTS

3.1    On January 28, 2010 at approximately 5:30 in the afternoon, Plaintiff was downtown Seattle with a friend.  Plaintiff noticed a group of people coming towards her in an aggressive manner while she was on 5th Avenue. Included in the group were Defendants Daysha Henderson, Troy Hayman, Quashawn Monroe, Tyrone Watson and Dominique Whitaker.

3.2    The group followed Plaintiff and her friend into the downtown Macy's store.  There members of the group proceeded to make threats toward Plaintiff, including physical harassment.

3.3    Seattle Police Officers Eastman, Pinkerton, Bender and Chase, who while acting under the color of law in their capacities as Seattle Police Officers,  entered Macy's store and separately contacted the group of defendants and Plaintiff.  Plaintiff told one or more of the named Officers that the group was threatening and intimidating her and trying to assault her.  Plaintiff requested one or more of the Officers to escort her to the Metro Transit bus tunnel so she could board her bus for home.  Plaintiff was seeking the protection of the named Officers from the hostile group of individuals.

Page  7 of 25 - COMPLAINT

Therese Lavallee
Attorney at Law
1104 Main Street, Ste. 620
Vancouver, WA 98660
(360) 750-5607

3.4    After being contacted by the Officers, the group of defendants left the merchandise floor of the Macy store, but remained in the area in and around the doors that exited to the street.

3.5    Officers Eastman, Pinkerton, Bender and Chase directed Plaintiff to immediately leave Macy's and downtown Seattle. Despite Plaintiff's expression of fear and concern regarding the threatening behavior of the group of individuals, the Officers did not escort Plaintiff, but continued to direct her to leave the downtown area.

3.6    Plaintiff exited Macy's with her friend as directed by the Officers and upon doing so observed the group of defendants, one of whom took off her coat and raised her fists toward Plaintiff as if to fight her.

3.7    Plaintiff and her friend proceeded to the area near the Westgate plaza and the Metro Transit tunnel where they needed to board their Metro Transit bus to head for home. At the plaza location near the entrance to the Metro Transit tunnel, Plaintiff saw the same police officers that contacted her in Macys store. Plaintiff engaged them and again warned them that the same group of defendants were following her, harassing her and wanting to fight her. Plaintiff again requested them to escort her to the location in the tunnel where she could board her bus.

3.8    Instead of agreeing to offer Plaintiff the protection she was seeking, the Officers retorted that she had been observed loitering around the downtown area and she needed just to leave now. Upon Plaintiff's third request for an escort into the tunnel, the Officers replied that they could not escort her into the tunnel because they did not have time for 'kids' who started trouble.

3.9    Plaintiff was a minor child at this time.

Therese Lavallee
Attorney at Law
1104 Main Street, Ste. 620
Vancouver, WA 98660
(360) 750-5607

3.10    Plaintiff is African-American.

3.11    During this exchange on the plaza between the Officers and Plaintiff, one of the females in the group approached Plaintiff who was standing right in front of the Officers, and threatened to assault Plaintiff. When it was clear that the Officers would not escort Plaintiff into the tunnel, Plaintiff asked the Officers if they would intervene to help her from this imminent threat by the female. The Officers walked the group of individual defendants, including Hayman, Henderson, Monroe, Whitaker and Watson across the street, leaving Plaintiff and her friend unaccompanied in the plaza.

3.12    Plaintiff and her friend proceeded to enter the Metro Transit tunnel to board the Metro Transit bus in an effort to leave downtown.

3.13    Upon entering the Metro Transit tunnel, Plaintiff went to the location of the platform designated as the loading stop for the bus she needed to board. Sensing that she was still in imminent danger from the group of individuals, Plaintiff stood directly in front of and in between three Olympic Security employees, John Does 1-3. Does 1-3 were dressed in uniform with plain markings indicating that they were security guards. Does 1-3 were acting within the scope of their employment when Plaintiff approached them.

3.14    Plaintiff advised John Does 1-3 that there was a group of people threatening to assault her. Plaintiff remained in the presence of the security guards, John Does 1-3, believing that they would protect her from harm while she waited for the arrival of her bus.

3.15    Upon seeing the same group of hostile individuals, including Defendant Henderson, running down the steps in her direction, Plaintiff told John Does 1-3 that she was about to be assaulted.

Therese Lavallee
Attorney at Law
1104 Main Street, Ste. 620
Vancouver, WA 98660
(360) 750-5607

3.16    While standing directly by and in between  John Does 1-3,

defendants Henderson, Hayman, Watson, Whitaker and Monroe converged around Plaintiff.

Defendant Henderson proceeded to violently hit, kick, drag, throw, and stomp on Plaintiff and

pulled out a large part of her hair.  Defendants Hayman, Watson, Whitaker and Monroe aided

and abetted in the violent acts of Henderson, then proceeded to steal several items of Plaintiff's

personal property that was dropped by Plaintiff during Henderson's assault and battery.

3.17    After battering, assaulting and robbing Plaintiff of her possessions,

Defendants Henderson, Hayman, Watson, Whitaker and Monroe ran up the stairs and out of the

Metro Tunnel.

3.18    These violent acts upon Plaintiff occurred in the immediate

presence of and among John Does 1-3.

3.19    John Does 1-3 failed to intervene in moving Plaintiff to a safe

location or in intervening to prevent or minimize the physical assault and robbery.  Their acts

and omissions were with callous and outrageous disregard for the safety of this minor child.

3.20    As the hostile group of individuals converged on Plaintiff and

began their violent acts, John Doe 3 turned his back and walked away from Plaintiff with callous

and outrageous disregard for her safety.

3.21    John Does 1-3 intentionally failed to provide any first aid or

emergency assistance to Plaintiff who was laid injured and rendered unconscious on the platform

of the Metro Tunnel transit mall due to the violent acts of defendants Henderson, Hayman,

Monroe, Whitaker and Watson.

Page  10 of 25 - COMPLAINT

3.22    John Does 1-3 failure to protect, intervene, diffuse or mitigate the occurrence and their failure to provide emergency aid and assistance to Plaintiff was outrageous and extremely unconscionable.

3.23    Bystanders who witnessed the violent assault and robbery came to the aid of Plaintiff and assisted her in proceeding up the stairs of the Metro Transit tunnel toward the exit of the Metro Transit mall.

3.24    Upon nearing the exit, Plaintiff saw the same Seattle Police Officers who had previously instructed her to leave Macy's store and the downtown area, but who had also refused to provide her protection and escort her to her bus stop and into the Metro Transit tunnel. Upon seeing Plaintiff after the assault and battery, the Officers walked Plaintiff to the doors of the Metro Transit tunnel, but did not assist her in finding a safe environment.

3.25    When Officer Eastman, Pinkerton, Bender and Chase walked Plaintiff to the Metro Transit tunnel doors after the assault, she had an obvious cut under her eye, her nose had been bleeding, her hair had been ripped out and she was injured, upset and severely traumatized.

3.26    Officers Eastman, Pinkerton, Bender and Chase had further contact with Plaintiff after the violent assault and robbery as she waited at a location on the street in the City of Seattle for private transportation home. During this encounter, Officers Eastman, Pinkerton, Bender or Chase told Plaintiff that it was time for her to leave and that they were tired of 'all these kids' downtown causing trouble. The Officers acted with deliberate indifference toward Plaintiff's constitutional rights based upon her age and race.

Therese Lavallee
Attorney at Law
1104 Main Street, Ste. 620
Vancouver, WA 98660
(360) 750-5607

3.27   At the time of this incident, Defendant Diaz was the duly appointed and acting interim Chief of Police and final decision making authority for the Seattle Police Department.

3.28   At the time of the acts complained of, Defendants Eastman, Pinkerton, Bender and Chase acted under the color of law in creating a special relationship with Plaintiff and then deliberately violating her constitutional rights.

3.29   At the time of the acts complained of, Defendants Eastman, Pinkerton, Bender and Chase acted under the color of law and with discriminatory motive in denying Plaintiff who was a minor child and an African-American, her constitutional right to equal protection.

3.30   At the time of the acts complained of, Defendants Eastman, Pinkerton, Bender and Chase acted under the color of law and with deliberate indifference to Plaintiff's constitutional rights and acted and pursuant to unconstitutional policies, customs and practices of Defendants City of Seattle and the Seattle Police Department that amounted to the deliberate indifference for Plaintiff's constitutionally protected rights.

3.31   At the time of the acts complained of, City of Seattle, Seattle Police Department and interim Chief Diaz failed to adequately train and supervise Defendants Eastman, Pinkerton, Bender and Chase to deal with situations involving minors, harassment, threats of harm, requests for protection, and lack of protection and security in the Metro Transit tunnel.

3.32   The Metro Transit tunnel operated to provide a location for passengers of public transit to load and off-load from the Metro Transit buses.

Therese Lavallee
Attorney at Law
1104 Main Street, Ste. 620
Vancouver, WA 98660
(360) 750-5607

1  3.33 At all material times herein, Metro Transit bus tunnel was open to

2 the public as invitees to utilize the Metro Transit bus system.

3  3.34 At all material times herein, Plaintiff entered the Metro Transit

4 tunnel as a business invitee and for the purpose of boarding a transit bus as a passenger of Metro

5 Transit at the location designated by Metro Transit.

6  3.35 At the time of the acts complained of, King County, Metro Transit,

7 the City of Seattle, Seattle Police and the Sheriff's Office were responsible for the safety and

8 security of persons using the Metro Transit bus tunnel.

9

10  3.36 At all material times herein, Constantine was the executive director

11 of King County and had final decision making authority for King County.

12  3.37 At all material times herein, Taniguchi was the director of King

13 County Transportation Department and had final decision making authority for Metro Transit.

14  3.38 At all material times herein, Desmond was the general manager of

15 Metro Transit and had final decision making authority for Metro Transit.

16  3.39 At all material times herein, Rahr was the elected Sheriff of King

17 County and had final decision making authority.

18  3.40 At all times material herein, Jutilla was the Chief of Metro Transit

19 Police and had final decision making authority.

20  3.41 At all times material herein, Diaz was the interim Chief of Police

21 for the City of Seattle and had final decision making authority.

22

23  3.42 Olympic Security entered into and was under  contract with King

24 County and Metro Transit to provide security and protection for persons in the Metro Transit bus

25 tunnel located within the City of Seattle.

Page 13 of 25 - COMPLAINT

Therese Lavallee
Attorney at Law
1104 Main Street, Ste. 620
Vancouver, WA 98660
(360) 750-5607

3.43     At all times material to the complaints herein, Olympic Security pursuant to their contract with King County, worked jointly with King County, Metro Transit, Sheriff's Office, the City of Seattle and Seattle Police Department to provide security protection on behalf of passengers of Metro Transit and to enforce federal and state laws, county and city codes, in the metro bus tunnel.

3.44     Olympic Security, King County, Metro Transit, Sheriff's Office, the City of Seattle and Seattle Police Department worked jointly and in concert to render policy, custom and practice to prevent security guard employees of Olympic Security from having the authority to intervene to protect a person from foreseeable risk and danger in the Metro Transit tunnel.     3.45     Officers Eastman, Pinkerton, Bender and Chase knew or should have known, that the employees of Olympic Security were unable to intervene to protect a person from foreseeable risk and danger in the Metro Transit tunnel.

3.46     King County, Metro Transit, Sheriff's Office and Olympic Security owed the highest duty of care to passengers of the Metro Transit bus system as a common carrier.

3.47     King County, Metro Transit, Sheriff's Office and Olympic Security owed the duty to protect business invitees of the common carrier while in the Metro Transit tunnel bus mall from the unlawful acts of Hayman, Henderson, Watson, Whitaker and Monroe.

3.48     Due to the acts complained of, Plaintiff suffered significant damages including but not limited to fear, anxiety, pain and suffering, a concussion, prolonged headaches, neck and back pain, contusions, cuts, abrasions, muscle strain, loss of hair, insomnia,

Therese Lavallee
Attorney at Law
1104 Main Street, Ste. 620
Vancouver, WA 98660
(360) 750-5607

depression, paranoia, physical and mental trauma, loss of enjoyment of life, interference with her

daily activities, and severe emotional distress.

## IV.  CAUSES OF ACTION

### A.  FIRST CLAIM FOR RELIEF
(Federal Civil Rights Violation Under 42 U.S.C. §1983-CUSTOM & PRACTICE-
AGAINST DEFENDANTS KING COUNTY, CONSTANTINE, TANIGUCHI,
METRO TRANSIT, DESMOND, SHERIFF'S OFFICE, RAHR & JUTILLA)

1.      In committing the acts complained of, Defendant King County is liable to the

Plaintiff for her damages based upon the acts and omissions of Defendants Constantine,

Taniguchi, Desmond, Rahr and Jutilla, who, while acting under the color of law, did engage in

expressly adopted official policies, practices or customs of King County, King County Sheriff's

Office or King County Metro Transit, that resulted in the violation of the Plaintiff's

constitutional rights.

2.      The official policies, practices or customs of the named Defendants resulted in the

creation of a special relationship with Plaintiff while she was an invitee of and passenger of

Metro Transit, an entity that owed special duties as a common carrier to Plaintiff.  The policies,

practices and customs of the named Defendants created a dangerous situation where Plaintiff

assumed and relied upon the protection implied by the holding out of John Does 1-3 as security

personnel in the Metro Transit tunnel.

3.      The acts of the Defendants in prohibiting Olympic Security and John Does 1-3

from intervening to protect Plaintiff from imminent threat of harm and foreseeable risk did

deprive Plaintiff of her constitutionally protected due process rights under the Fourth and

Fourteenth Amendments of the United States Constitution.

Therese Lavallee
Attorney at Law
1104 Main Street, Ste. 620
Vancouver, WA 98660
(360) 750-5607

4.      The actions of Defendants King County, Metro Transit, Sheriff's Office, Constantine, Taniguchi, Desmond, Rahr and Jutilla were the direct and proximate cause of damages to Plaintiff as alleged in this Complaint.

**B. SECOND CLAIM FOR RELIEF**
   **(Federal Civil Rights Violation Under 42 U.S.C. §1983-FINAL POLICY**
   **MAKERS- AGAINST DEFENDANTS KING COUNTY, CONSTANTINE,**
   **TANIGUCHI, METRO TRANSIT, DESMOND, SHERIFF'S OFFICE, RAHR &**
   **JUTILLA)**

1.      In committing the acts complained of and adopting the First Claim for Relief herein, Defendant King County is liable to the Plaintiff for her damages based upon the acts and omissions of Defendants Constantine, Desmond, Rahr and Jutilla, who, while acting under the color of law and as the final policy makers or as the final authority for King County, King County Sheriff's Office or King County Metro Transit, acted with deliberate indifference to the constitutional rights of the Plaintiff and deprived her of due process of law under the Fourth and Fourteenth Amendments of the United States Constitution.

2.      The actions of Defendants King County, Metro Transit, Sheriff's Office, and defendants Constantine, Desmond, Rahr and Jutilla, as persons with final policy making authority, were the direct and proximate cause of damages to Plaintiff as alleged in this Complaint.

**C. THIRD CLAIM FOR RELIEF**
   **(Federal Civil Rights Violation Under 42 U.S.C. §1983-FAILURE TO TRAIN &**
   **SUPERVISE-AGAINST DEFENDANTS KING COUNTY, METRO TRANSIT,**
   **SHERIFF'S OFFICE, CONSTANTINE, TANIGUCHI, DESMOND, RAHR &**
   **JUTILLA)**

1.      In committing the acts complained of and adopting the First Claim and Second Claims for Relief herein, Defendant King County, Metro Transit, Sheriff's Office, Constantine, Taniguchi, Desmond, Rahr, and Jutilla, while acting under the color of law, contracted with

Page  16 of 25 - COMPLAINT

Therese Lavallee
Attorney at Law
1104 Main Street, Ste. 620
Vancouver, WA 98660
(360) 750-5607

Olympic Security to provide security services for invitees and passengers of Metro Transit within the transit mall tunnel and agreed to limit the powers and authorities of the private security officers while holding them out as public actors under the color of law.

2.     John Does 1-3, as employees of Olympic Security who within the scope of their employment, acted under color of law with deliberate indifference for Plaintiff's constitutional rights, when they held but failed protect Plaintiff from obvious, imminent, and foreseeable harm while she was an invitee in the transit tunnel and passenger of Metro Transit.

3.     Defendants King County, Metro Transit, Sheriff's Office, Constantine, Taniguchi, Desmond, Rahr, and Olympic Security, failed to provide for the adequate training or supervision of the employees of Olympic Security to handle incidents that may occur with transit invitees and passengers.

4.     In addition, the named Defendants in this claim affirmatively and overtly acted to limit the necessary scope and authority of Olympic Security employees while performing the duties of their employment, and to train and supervise them to have the ability to handle situations that can occur with Metro Transit invitees and passengers.

5.     King County and Olympic Security were deliberately indifferent to the obvious and foreseeable consequences of their failure to provide adequate authority to and to adequately train and supervise Olympic Security employees including John Does 1-3, knowing that Olympic Security employees including John Does 1-3 would in performing their duties be acting under the color of law and would hold themselves out to Plaintiff as security in the metro tunnel while she was an invitee or Metro Transit passenger.

6.     This failure by King County, Metro Transit, Sheriff's Office, Constantine, Desmond, Rahr, Jutilla, and Olympic Security to provide adequate training and supervision

Therese Lavallee
Attorney at Law
1104 Main Street, Ste. 620
Vancouver, WA 98660
(360) 750-5607

1  caused the deprivation of Plaintiff's constitutional rights by the Defendant John Does 1-3; that is,

2  King County, Metro Transit, Sheriff's Office, Constantine, Desmond, Rahr, Jutilla and Olympic

3  Security's failure to train was so closely related to the deprivation of the Plaintiff's rights as to be

4  the moving force that caused her ultimate injuries.

5

6  **D.     FOURTH CLAIM FOR RELIEF**
         **(Violations of the laws of Washington State-Common Carrier**

7       **Duty & Negligence-Against King County, Metro Transit, Sheriff's Office,**
         **Constantine, Taniguchi, Desmond, Rahr, Jutilla, Olympic Security & John**

8       **Does 1-3)**

9

10           1.      In committing the acts complained of, Metro Transit provided common

11  carrier service with buses operating transit service with pick up locations in the Metro Transit

12  tunnel.  Defendants King County, Metro Transit, Sheriff's Office, Constantine, Desmond, Rahr,

13  Jutilla, Olympic Security and John Does 1-3 owed a special duty of care to Plaintiff, who at the

14  time of the acts complained of was a minor child and both a business invitee and passenger of

15  Metro Transit, to protect her from misconduct of or injury from others.

16           2.      Defendants King County, Metro Transit, Sheriff's Office, Constantine,

17  Taniguchi, Desmond, Rahr, Jutilla, and Olympic Security acted with negligence by jointly and in

18  concert by prohibiting security guards employed by Olympic Security, as a condition of their

19  employment, to intervene in to protect Plaintiff while she was in the Transit Mall from imminent

20  and foreseeable risk and danger from the acts of others.

21           3.      John Does 1-3 acted within the scope of their duties and employment with

22  Olympic Security, when by their failure to act to a known and foreseeable danger to Plaintiff,

23  and were the actual, direct and proximate cause of Plaintiff's injuries and are liable to her.

24

25

Page 18 of 25 - COMPLAINT

4.     Defendants King County, Metro Transit, Sheriff's Office, Constantine, Desmond, Rahr, Jutilla and Olympic Security are vicariously liable for the acts and omissions of its employees under the doctrine of respondent superior.

5.     The acts and omissions of the Defendants named under this Claim are the direct and proximate cause of the injury to Plaintiff and the damages she sustained.

E.     **FIFTH CLAIM FOR RELIEF**
       **(Violations of the laws of Washington State-Violation of Code**
       **-Against King County, Metro Transit, Sheriff's Office, Constantine,**
       **Taniguchi, Desmond, Rahr, Jutilla, Olympic Security & John Does 1-3)**

1.     In committing the acts complained of, Metro Transit provided common carrier service with buses operating transit service with pick up locations in the Metro Transit tunnel. Defendants King County, Metro Transit, Sheriff's Office, Constantine, Taniguchi, Desmond, Rahr, Jutilla, Olympic Security and John Does 1-3 owed a special duty of care to Plaintiff, who at the time of the acts complained of was a minor child, a business invitee, and a passenger of Metro Transit, to protect her from misconduct of or injury from others.

2.     Defendants King County, Metro Transit, Sheriff's Office, Constantine, Taniguchi, Desmond, Rahr, Jutilla and Olympic Security, acted with negligence by jointly and in concert in failing to provide for the enforcement of King County Code 28.96 and the laws of the State of Washington for business invitees and passengers of Metro Transit.

3.     Defendants John Does 1-3 acted with negligence in failing to enforce King County Code 28.96 and the laws of the State of Washington and Defendants King County. Metro Transit and Olympic Security are vicariously liable for the acts and omissions of John Does 1-3 under the doctrine of respondent superior.

Page 19 of 25 - COMPLAINT

F.    **SIXTH CLAIM FOR RELIEF**
**(TORT OF OUTRAGE-AGAINST KING COUNTY, JOHN DOES 1-3 & OLYMPIC SECURITY)**

1.    In committing the acts complained of, Metro Transit provided common carrier service with buses operating transit service with pick up locations in the Metro Transit tunnel. Defendants King County, Metro Transit, Sheriff's Office, Olympic Security and John Does 1-3 owed a special duty of care to Plaintiff, who at the time of the acts complained of was a minor child and both a business invitee and passenger of Metro Transit, to protect her from misconduct of or injury from others.

2.    Defendant John Does 1-3 intentionally failed to exercise reasonable care and intervene to protect Plaintiff from imminent and foreseeable danger while she was a business invitee or passenger of Metro Transit and thereby intentionally or recklessly acted outrageously and caused Plaintiff to be inflicted with severe emotional distress and anxiety.

3.    Defendant John Does 1-3 outrageous acts were the direct and proximate cause of the severe emotional distress and anxiety Plaintiff suffers.

4.    Defendants King County, Metro Transit, Sheriffs Office and Olympic Security are vicariously liable for the acts of John Does 1-3 who were acting within the scope of their employment at the time of the incident.

G.    **SEVENTH CLAIM FOR RELIEF**
**(Federal Civil Rights Violation Under 42 U.S.C. §1983-DANGER CREATION/FAILURE TO PROTECT- CITY OF SEATTLE, SEATTLE POLICE DEPARTMENT, JOHN DIAZ, MICHEAL EASTMAN, JEREMY PINKERTON, JASON BENDER & MATTHEW CHASE)**

1.    In committing the acts complained of, Defendant City of Seattle, Seattle Police Department, Eastman, Pinkerton, Bender and Chase are liable to the Plaintiff for her damages based upon the their acts and omissions taken while acting under the color of law, in

Therese Lavallee
Attorney at Law
1104 Main Street, Ste. 620
Vancouver, WA 98660
(360) 750-5607

creating a special relationship with Plaintiff and directing her to leave the area to the Metro

Transit Tunnel with knowledge that there was no law enforcement protection in the tunnel, that

Plaintiff was in fear of danger, that Plaintiff had been harassed by others, that Plaintiff had been

subjected to threats, that the group of individuals threatening Plaintiff were still at large, and that

Plaintiff had directly requested escort and protection from the Officers.

      **2.**     The Officers' direction to Plaintiff to leave downtown knowing that she

needed to enter the Metro Transit tunnel, and their refusal to escort her or take other steps to

protect her, caused Plaintiff to enter into a situation fraught with reasonable and foreseeable risk

of danger. The Officers' acts and omissions did deprive Plaintiff of her constitutionally protected

due process rights under the Fourth and Fourteenth Amendments of the United States

Constitution.

      **3.**     The acts and omissions of Defendants Seattle Police Department,

Eastman, Pinkerton, Bender and Chase were the direct and proximate cause of damages to

Plaintiff as alleged in this complaint.

## H.    EIGTH CLAIM FOR RELIEF
### (Federal Civil Rights Violation Under 42 U.S.C. §1983-EQUAL PROTECTION –EASTMAN, PINKERTON, BENDER & CHASE)

      1.     In committing the acts complained of, Defendants Eastman, Pinkerton,

Bender and Chase acted while color of law to create a special relationship with Plaintiff by

contacting her, directing her to leave and failing to provide with protection when imminent risk

of danger was in existence and in so doing the Defendants acted with intent or purpose to

discriminate against Plaintiff due to her age or race. Defendants acted with deliberate

indifference to the constitutional rights of Plaintiff and were motivated by discriminatory intent

because of Plaintiff's status as a minor child and/or her race.

Therese Lavallee
Attorney at Law
1104 Main Street, Ste. 620
Vancouver, WA 98660
(360) 750-5607

2.     The acts and omissions of Officers Eastman, Pinkerton, Bender and Chase knew or should have known of the foreseeable risk and danger to Plaintiff. These Officers acted with deliberate indifference to provide Plaintiff with protection did deprive Plaintiff of her constitutionally protected due process rights under the Fourth and Fourteenth Amendments of the United States Constitution.

3.     The acts and omissions of Officers Eastman, Pinkerton, Bender and Chase were the direct and proximate cause of damages to Plaintiff as alleged in this complaint.

## I.     NINTH CLAIM FOR RELIEF
(Federal Civil Rights Violation Under 42 U.S.C. §1983-MUNICIPAL LIABILITY-POLICY, CUSTOM OR PRACTICE – AGAINST. CITY OF SEATTLE, SEATTLE POLICE DEPARTMENT & DIAZ)

1.     In committing the acts complained of, Defendant City of Seattle, Seattle Police Department, and acting interim Chief Dias are liable to the Plaintiff for her damages based upon the unconstitutional acts and omissions taken by Defendants Eastman, Pinkerton, Bender and Chase, who acted under the color of law with intent or purpose to discriminate against Plaintiff due to her age or race, and who, in creating a special relationship and failing to provide Plaintiff with protection from foreseeable harm, acted with deliberate indifference or discriminatory intent in failing protect Plaintiff.

2.     In the acts complained of, Defendants Eastman, Pinkerton, Bender and Chase acted pursuant to Seattle Police Department's longstanding practice, policy or custom at the times relevant herein to treat persons of Plaintiff's youthful age and African-American race differently than similarly situated persons.  Defendant City of Seattle, Seattle Police Department, and Chief Diaz's longstanding policies, customs and practices did deprive Plaintiff of her constitutionally protected due process rights under the Fourth and Fourteenth Amendments of the United States Constitution.

Page  22 of 25 - COMPLAINT

3. Defendants Eastman, Pinkerton, Bender and chase acted pursuant to the expressly adopted customs and policies of the City of Seattle and the Seattle Police Department and were the direct and proximate cause of damages to Plaintiff as alleged in this complaint.

J.   **TENTH CLAIM FOR RELIEF**
**(Federal Civil Rights Violation Under 42 U.S.C. §1983-MUNICIPAL LIABILITY- FAILURE TO TRAIN & SUPERVISE-AGAINST CITY OF SEATTLE, SEATTLE POLICE DEPARTMENT, DIAZ)**

1. Defendants Eastman, Pinkerton, Bender and Chase acted under the color of law with deliberate indifference and deprived the Plaintiff of her constitutional rights.

2. Defendant City of Seattle, Seattle Police Department, and Diaz's training policies and supervision of Eastman, Pinkerton, Bender and Chase were not adequate to handle the usual and recurring situations with which they must deal.

3. The City of Seattle, Seattle Police Department and Diaz were deliberately indifferent to the obvious and foreseeable consequences of its failure to train and supervise its police officers; and

4. The failure of the City of Seattle, Seattle Police Department, and Diaz to provide adequate training and supervision caused the deprivation of Plaintiff's rights by the Defendants' police officers: that is, the Defendant's failure to train and supervise is so closely related to the deprivation of the Plaintiff's rights as to be the moving force that caused the ultimate injury under the United States Constitution.

K.   **ELEVENTH CLAIM FOR RELIEF**
**(Federal Civil Rights Violation Under 42 U.S.C. §1983-MUNICIPAL LIABILITY- RATIFICATION OF UNCONSTITUTIONAL ACTS-AGAINST CITY OF SEATTLE, SEATTLE POLICE DEPARTMENT, DIAZ)**

Therese Lavallee
Attorney at Law
1104 Main Street, Ste. 620
Vancouver, WA 98660
(360) 750-5607

1.      Seattle Police Officers Eastman, Pinkerton, Bender and Chase acted under color of law and pursuant to Seattle Police customs, policies and practices at the time relevant to all complaints herein.

2.      Chief Diaz, Seattle Police Department and the City of Seattle knew why the Officers acted pursuant to the customs, policies and practices of the municipality and that such acts were performed under color of law and for an unconstitutional purpose.

3.      Chief Diaz, Seattle Police Department and the City of Seattle consciously affirmed and approved of the acts of Officers Eastman, Pinkerton, Bender and Chase that were the direct and proximate cause of Plaintiff's injuries and are liable for her damages.

## L.      TWELFTH CLAIM FOR RELIEF
### (TORT OF ASSAULT & BATTERY- AGAINST HAYMAN, WATSON, WHITAKER, HENDERSON, MONROE & WINSTON)

1.      Defendants Hyman, Watson, Whitaker, Henderson, Monroe and Winston acted with intent and unlawfully by causing the assault and battery of the Plaintiff, and by aiding and abetting by engaging in acts that encourage, aid or solicit the battery and assault.

2.      The acts of these named Defendants were the direct and proximate cause for the damages caused to Plaintiff as described in this Complaint.

### JURY TRIAL DEMAND

Pursuant to Fed. R. Civ. P. 38, the Plaintiff demands a trial by jury.

### PRAYER FOR RELIEF

Having stated her claims against the defendants, Plaintiff prays for the following relief:

1.      Judgment against the defendants for compensatory damages in an amount proven at trial;

2.      Judgment against the defendants for punitive damages;

Therese Lavallee
Attorney at Law
1104 Main Street, Ste. 620
Vancouver, WA 98660
(360) 750-5607

3.　　　　An award of costs and attorney's fees, as provided by applicable provisions of federal and state statutory and common law;

4.　　　　Injunctive relief to correct the policies and practices of the Defendants that violate applicable federal and state statutory laws; and

5.　　　　For such other relief as the Court may deem just and equitable.

Dated this 27th day of April, 2015.

Respectfully Submitted by:
LAVALLEE LAW FIRM


Therese Lavallee,　WSB #16350
Attorney for Plaintiff Aiesha Steward-Baker
1104 Main Street, Suite 620
Vancouver, WA  98660
 360.750.5607
 fax:  360.699.2218
email:  lavlaw99@aol.com

Therese Lavallee
Attorney at Law
1104 Main Street, Ste. 620
Vancouver, WA 98660
(360) 750-5607